Submitted July 9, affirmed September 16, petition for review denied December 10, 2020 (367 Or 290)

In the Matter of Z. J. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. D. D.,
*Appellant.*

Lane County Circuit Court
17JU07184; A173265 (Control)

In the Matter of Z. J. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. D. D.,
*Appellant.*

Lane County Circuit Court
18JU10299; A173266

473 P3d 142

Jay A. McAlpin, Judge. (Judgment in A173265)

R. Curtis Conover, Judge. (Judgment in A173266)

G. Aron Perez-Selsky filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Kistler, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this consolidated appeal, father appeals from a judgment terminating his parental rights to his child and from an order authorizing placement of child with maternal relatives in California. On appeal, father does not directly challenge the placement order and does not dispute the juvenile court's determination that he is unfit, as required by ORS 419B.504. Instead, father challenges only the court's determination that termination of his parental rights is in child's best interest, as required by ORS 419B.500. He contends that the juvenile court erred in determining that terminating his parental rights was in child's best interest, because he and child share a close relationship and severing that relationship would cause child psychological harm, and because there was no evidence that father was abusive to child or that a permanent guardianship for child could not be implemented.

The only question presented is whether freeing child for adoption is in her best interest. Our *de novo* standard for termination cases, ORS 19.415(3)(a), "requires us to examine the record with fresh eyes to determine whether the evidence developed below persuades us that termination is in [child's] best interest." *Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750, 432 P3d 1186 (2018), *rev den*, 365 Or 556 (2019). In addition, because the Department of Human Services (DHS) must establish a child's best interest by clear and convincing evidence, "we must be persuaded by the evidence that it is highly probable that termination of [father's] parental rights is in [child's] best interest." *Id.*

A discussion of the facts in this case would not benefit the bench, the bar, or the public. It is sufficient for our purposes here to state that DHS put on clear and convincing evidence that severing the parental relationship between father and child is in child's best interest, based on child's particular circumstances. Thus, on *de novo* review, we conclude that termination is in the best interest of child and affirm the juvenile court's judgment terminating father's parental rights.

Affirmed.